JACOB WIN, ABRAHAM WIN AND REUBEN WIN, TRADING, &c., PLAINTIFFS IN ERROR, v. EDWARD DEVINE, DEFENDANT IN ERROR.

Argued June 23, 1898—Decided June 27, 1898.

If plaintiffs, describing themselves as partners trading under a firm name, prove themselves entitled to maintain the action as individuals, the allegation of partnership is immaterial and may be rejected as surplusage.

On error to the Supreme Court.

For the plaintiffs in error, *Jacob C. Hendrickson* and *Isaac W. Carmichael.*

For the defendant in error, *Gilbert & Atkinson.*

The opinion of the court was delivered by

DIXON, J.   This was an action of replevin brought to recover a stock of goods which, when in the possession of the plaintiffs, had been seized by the defendant as the property of Sarah Win, against whom he had a writ of *fieri facias* for execution.

Besides showing their possession before the seizure, the plaintiffs offered evidence tending to prove that some of the goods had formerly been the property of a partnership trading under the name of Win & Sons, composed of the plaintiffs and Israel M. Win ; that subsequently Israel had died and the goods had remained in the hands of the surviving .partners ; that after his death the survivors had carried on the same business, using the same firm name, and had purchased the rest of the goods involved in the suit.   On this evidence the Circuit judge nonsuited the plaintiffs, holding that, since the declaration described the plaintiffs as " trading under the firm name and style of Win & Sons," it was incumbent on them to show their right to such name ; that the only partnership which had ever been entitled to that name was the firm consisting of the plaintiffs and Israel M. Win, and that that firm had been dissolved by the death of Israel.

The impropriety of this ruling is manifest.   The question at issue was the right of the three plaintiffs to the property in dispute.   As surviving members of the old firm of Win & Sons they were entitled to the property of that firm, and as purchasers they were entitled to the property which they had bought since the dissolution of that firm.   The recital in the declaration, that at the time of instituting the suit they were trading as partners under the name of Win & Sons, was en-

tirely immaterial. *Mechanics' and Farmers' Bank* v. *Dakin*, 24 *Wend.* 411. Its truth or falsity could have no effect upon their claim to the goods in controversy.

Let the judgment be reversed and the record be remitted for a *venire de novo.*

*For affirmance*—None.

*For reversal* — THE CHANCELLOR, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, NIXON, VREDENBURGH. 13.